IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CLINT LAVELL BERNHARDT,<br><br>   Petitioner,<br><br>vs.<br><br>STATE OF ALASKA,<br><br>   Respondent. | Case No. 3:22-cv-00145-JMK |

## ORDER RE: PETITION UNDER 28 U.S.C. § 2254

Self-represented prisoner, Clint Lavell Bernhardt, filed a Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody.[1] This Court takes judicial notice of Petitioner's underlying criminal case in the Alaska Superior Court at 3AN-07-03545CR.[2]

Petitioner provides few pleading details in his petition.[3] He lists seven grounds: "1) statements [alleged] victim R.S. made on the stand at trial; 2) redacted transcripts from trial; 3) [ineffective] assistance of counsel; 4) excessive sentence; 5) failure to dismiss 3rd indictment with [prejudice]; 6) failure to add lesser charge at trial; 7) insufficient evidence."[4] Petitioner does not provide any supporting details, nor the

---

[1] Docket 1.

[2] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." *Black's Law Dictionary* (11th ed. 2019); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted); *see also* Fed. R. Evid. 201.

[3] Docket 1.

[4] Docket 1 at 5.

required descriptions and documentation requested from the Petition form regarding prior proceedings on post-conviction relief. Furthermore, Petitioner does not request relief.

## SCREENING REQUIREMENT

A court must "promptly examine" a habeas petition.[5] "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion. . . ."[6]

## DISCUSSION

Federal district courts may review the judgment of a state court only on the ground that the Petitioner is "in custody in violation of the Constitution or the laws or treaties of the United States."[7] Additionally, Petitions filed under 28 U.S.C. § 2254 must meet strict procedural requirements. The Petition presents several notable deficiencies that must be remedied before this Court may exercise jurisdiction over Petitioner's claims. The Court dismisses the Petition, but grants leave for Petitioner to submit a new petition that corrects the deficiencies identified in this order.

### I. Subject Matter Jurisdiction

A federal court lacks jurisdiction over claims of constitutional violations that are not within the "core of habeas corpus."[8] The core of habeas corpus is relief that "terminates custody, accelerates the future date of release from custody, [or] reduces the level of

---

[5] Rule 4(b), Rules Governing Section 2254 Proceedings for the United States District Courts.

[6] *Id.*

[7] 28 U.S.C. § 2254(a).

[8] *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc).

custody."[9] A writ of habeas corpus may only grant relief that if successful would "necessarily lead to his immediate or earlier release from confinement" or a "quantum change in the level of custody."[10]

Additionally, "custody" is a jurisdictional requirement for habeas review under 28 U.S.C. § 2254.[11] While a petitioner need not be in actual, physical custody to access habeas review, a "petitioner must show that he is subject to a significant restraint upon his liberty 'not shared by the public generally.'"[12] For instance, a prisoner released on his own recognizance, bail, or parole constitutes being "in custody" for habeas review.[13]

The Petition lists a prisoner number; however, the Court notes that Petitioner's address is not in a correctional facility. Petitioner must provide some indication that he remains "in custody" pursuant to a state court judgment and what relief he seeks.

## II. Personal Jurisdiction

The State of Alaska is not a proper respondent in this case. A petitioner for habeas corpus relief must name the state officer, who holds custody of him as the respondent to

---

[9] *Id.* at 929–30 (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 86 (2005) (Scalia, J., concurring)).

[10] *Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016) (en banc); *Nettles v. Grounds ("Santos")*, 788 F.3d 992, 1005 (9th Cir. 2015) (holding that a federal district court had habeas jurisdiction over a petitioner's claim asking for a disciplinary record to be expunged, because the expungement would lead to a speedier release from punitive segregation.)

[11] 28 U.S.C. § 2241(c); *see also Hensley v. Mun. Ct., San Jose Milpitas Jud. Dist., Santa Clara Cty., California*, 411 U.S. 354, 351 (1973) (holding "[t]he custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty.").

[12] *Wilson v. Belleque*, 554 F.3d 816, 822 (9th Cir. 2009) (quoting *Jones v. Cunningham*, 371 U.S. 236, 240 (1963).

[13] *See Hensley*, 411 U.S. at 351; *Lefkowitz v. Newsome*, 420 U.S. 283, 286 n.2, 291 n.8 (1975); *Jones*, 371 U.S. at 242–43.

the petition. For prisoners, this is usually the superintendent or warden of the prison in which the prisoner is held.[14] For an individual on supervised release, the appropriate custodian would be his probation or parole officer and the official in charge of the parole or probation agency.[15] Without the proper custodian named as a respondent, the Court does not have personal jurisdiction.[16]

If Petitioner is on supervised release, Petitioner needs to name (1) his probation or parole officer, and (2) the official in charge of the parole or probation agency as the correct respondents.

## III. Exhaustion

A prisoner that is in custody based on a state court conviction may not bring a Petition Under 28 U.S.C. § 2254 prior to exhausting his state court remedies.[17] Exhaustion of state remedies requires the petition to fairly present the federal claims to the state courts in order to give the state the opportunity to pass upon and correct any alleged violations of its prisoners' federal rights.[18] To satisfy the "fairly present" requirement, the petitioner must present his federal claim to "each appropriate court (including a state supreme court with powers of discretionary review)" so that the each

---

[14] Rule 2(a), Rules Governing Section 2254 Proceedings for the United States District Courts; see also Belgarde v. State of Mont., 123 F.3d 1210, 1212 (9th Cir. 1997) ("A petitioner for habeas relief under Section 2254 must name the state officer having custody of him or her as a respondent.").

[15] Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996).

[16] Stanley v. Cal. Sup. Ct., 21 F.3d 359, 360 (9th Cir. 1994).

[17] 28 U.S.C. § 2254(b)(1).

[18] Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curium).

court is alerted to the federal nature of the claim.[19] In Alaska, this means that claims must first be presented to the Alaska Superior Court. If the petitioner disagrees with that result, the claim must then be raised to the Alaska Court of Appeals, and if he disagrees with that result, the claim must be raised in a petition for hearing to the Alaska Supreme Court.[20] This process also applies to post-conviction proceedings by the Alaska Superior Court and review of any post-conviction decision by the Alaska Court of Appeals and the Alaska Supreme Court.[21]

Petitioner only provides details regarding a direct appeal to the State of Alaska's Court of Appeals. Petitioner must provide sufficient details to the best of his ability to indicate whether he has properly exhausted his claims. Even if Petitioner cannot find supporting documents or case numbers, he needs to acknowledge what state proceedings he has engaged in to signal to the Court he has exhausted his state court remedies.

**IT IS THEREFORE ORDERED:**

1. The Petition at Docket 1 is **DISMISSED**.

2. The Court grants leave to amend only in order for Petitioner to remedy the deficiencies in his petition. Petitioner has 30 days from the date of this Order to

---

[19] *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (relying on *Duncan*, 513 U.S. at 365–66.).

[20] *See O'Sullivan v. Boerkel*, 526 U.S. 828, 845. In Alaska, a criminal defendant may request discretionary review by the Alaska Supreme Court. *See* Alaska Statutes §§ 22.05.010, 22.07.020, and 22.07.030; Alaska Rules of Appellate Procedure 215, 301, and 302.

[21] *See* 28 U.S.C. § 2254(c); *see also O'Sullivan*, 526 U.S. at 844-45. *See generally* Alaska R. Crim. P. 35.1.

3:22-cv-00145-JMK, *Bernhardt v. State of Alaska*
Order Re: Petition Under § 2254
Page 5 of 6

Case 3:22-cv-00145-JMK   Document 4   Filed 08/25/22   Page 5 of 6

submit a new Amended Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254.

3. The Motion to Appoint Counsel at Docket 2 is **DEFERRED**.

4. The Clerk of Court is directed provide Petition Form AO 241, Petition Under 28 U.S.C. § 2245 for a Writ of Habeas Corpus by a Person in State Custody, along with a copy of this Order.

Dated at Anchorage, Alaska, this 25th day of August, 2022.

                                            */s/ Joshua M. Kindred*
                                            JOSHUA M. KINDRED
                                            United States District Judge